IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00722-GPG

CATHERINE E. WALKER,

    Plaintiff,

v.

LARRY D. FRANTOM, and
WANDA A. FRANTOM,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Catherine E. Walker, initiated this action by filing *pro se* a Complaint (ECF No. 1). On May 12, 2015, Magistrate Judge Gordon P. Gallagher ordered Ms. Walker to file an amended complaint that clarifies the claims she is asserting. Magistrate Judge Gallagher specifically determined that the Complaint did not comply with the pleading requirements of the Federal Rules of Civil Procedure because Ms. Walker failed to provide a short and plain statement of the grounds for the Court's jurisdiction and she failed to provide a short and plain statement of her claims showing she is entitled to relief. Magistrate Judge Gallagher warned Ms. Walker that, if she failed to file an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure, the action would be dismissed without further notice. On June 12, 2015, Ms. Walker filed an amended complaint on the Court's Title VII Complaint form. (*See* ECF No. 8.)

    The Court must construe the amended complaint liberally because Ms. Walker is

not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the action will be dismissed.

The Court has reviewed the amended complaint and finds that Ms. Walker still fails to comply with the pleading requirements of the Federal Rules of Civil Procedure. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on

clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The amended complaint includes a number of vague and conclusory claims for damages identified as the following: identity alteration, disability discrimination, discrimination of religion, defamation of professional and personal character, invasion of personal space, property/dog theft via deception, assault and battery, emotional anguish, and pain and suffering.

The claims Ms. Walker asserts in the amended complaint are vague, conclusory, and repetitive. Although Ms. Walker has used a Title VII Complaint form, this is not a Title VII action because she does not assert any claims of employment discrimination on the basis of her race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1). Instead, she identifies her claims in the amended complaint as the following: identity alteration, disability discrimination, discrimination of religion, defamation of professional and personal character, invasion of personal space, property/dog theft via deception, assault and battery, emotional anguish, and pain and suffering. Ms. Walker maintains that the Court has jurisdiction to consider her claims pursuant to 28 U.S.C. § 1331 because she is asserting federal claims. (*See* ECF No. 8 at 1.) She is correct that the Court has subject matter jurisdiction over federal question claims pursuant to 28 U.S.C. § 1331. However, Ms. Walker fails to provide a short and plain statement of any federal claims showing she is entitled to relief. She does not allege specific facts that demonstrate either Defendant named in the amended complaint has violated her federal rights. As a result, she fails to give Defendants fair notice of whatever federal claims she may be asserting against them.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In other words, "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Vague and conclusory allegations that her rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations." *Hall*, 935 F.2d at 1110.

Magistrate Judge Gallagher specifically advised Ms. Walker that she must identify the claims she is asserting and the statutory authority that allows the court to consider those claims, the facts that support each asserted claim, against which Defendant or Defendants she is asserting each claim, and what each Defendant did that allegedly violated her rights. Despite this advisement, Ms. Walker fails to provide a clear and concise statement of her claims in the amended complaint. Therefore, the action will be dismissed for failure to file an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure as directed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. See *Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal she also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the complaint (ECF No. 1), the amended complaint (ECF No. 8), and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Ms. Walker failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  18th  day of    June   , 2015.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court